## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :
            :
   v.       :   CRIMINAL NO. 1-21-cr-28-7 (APM)
            :
LAURA STEELE      :
            :
_____:

## DEFENDANT'S MOTION TO RECONSIDER DETENTION

Laura Steele, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, and 18 U.S.C. §3145, respectfully requests this Honourable Court review the order of detention imposed by the Hon Joe Webster, U.S. Magistrate Judge for the Middle District of North Carolina/Durham, on or about 22 February 2021, and release her on personal recognizance. In support of this request, Ms Steele states the following:

Ms Steele is before the court charged with one count each of: Conspiracy, in violation of 18 U.S.C. §371; Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §§1512(c)(2); Destruction of Government Property and Aiding and Abetting in violation of 18 U.S.C. §§1361; and Entering Restricted Building or Grounds in violation of 18 U.S.C. §1752 (a)(1). A detention hearing specific to Ms Steele is scheduled for 24 March 2021, with a general status hearing including all co-defendants set for 6 April 2021.

Ms  Steele was arrested and presented on 17 February 2021 in the Middle District of North Carolina/Durham. Ms Steele was represented by local counsel, and a detention hearing was held. Pursuant to that hearing Ms Steele was ordered detained. Ms Steele has subsequently been indicted, and was arraigned before this Honourable Court on 16 March 2021. The arraignment was undersigned counsel's first appearance before any court on Ms Steele's behalf. At that hearing, counsel raised the issue of reconsideration of Ms Steele's pre-trial

detention status. This Court requested counsel file a written pleading on Ms Steele's behalf. This motion thus represents Ms Steele's first written pleading concerning her detention by undersigned counsel.

Ms Steele asserts the government has not satisfied the requirements contemplated by 18 U.S.C. §3142, and as such should be released on her personal recognizance in this matter.


**ARGUMENT**

The Bail Reform Act requires the courts to release defendants pending trial on personal recognizance or on an unsecured appearance bond unless the government has presented clear and convincing evidence that there are no conditions that will "reasonably assure the appearance of the person as required or… the safety of any other person or the community." 18 U.S.C. §§3142(b), 3142(f)(2)(B). The, "the default position of the law… is that a defendant should be released pending trial." *United States v. Taylor,*  289 F. Sipp. 3d 55, 62 (D.D.C. 2018)(quoting *United States v. Stone,* 608 F.3d 939, 945 (6th Cir. 2010)). Upon Imposition of a condition, or combination or conditions, the court must select the "least restrictive" conditions. 18 U.S.C. §3142 (c)(1)(B).

The pretrial detention question, pursuant to 18 U.S.C. § 3142 (g), itemizes four factors to be considered by the court: (1) the nature and circumstances of the offense charged, (2) the weight of evidence against the defendant, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. Ms Steele addresses these individually.

1.      Nature and Circumstances of the Charged Offenses.

Ms Steele concedes that the type of offences alleged here, in and of themselves, may give the Court pause to consider the safety of the community. However, it is axiomatic that the detention statute does not contemplate detention based purely on the nature of charge alone:

were that the case, there would be no need for any other consideration once this particular concern has been met. Indeed, the very question contemplates the nature *and circumstances*, and an inquiry into circumstances here leads to the conclusion of release. Ms Steele also points out to the court that she, like any other defendant, irrespective of having been indicted, is presumed innocent. To hold her purely on the basis of the nature of the charge would seriously undermine her presumption of innocence. The Court must go further and assess the nature of the charge in light of the other concerns.

Ms Steele asserts that considering the nature and circumstances of the charge implicitly refers to the nature and circumstances specifically in reference to her. In this case there are several individuals charged as co-defendants. It is inarguable that Ms Steele's co-defendants have significantly more involvement in the events of 6 January leading to these allegations. In its original Affidavit in Support of Criminal Complaint dated 11 February 2021, the government spent forty-three pages outlining the conspiracies undertaken by the co-defendant's in this matter. The section relating to Ms Steele essentially discusses four items. Firstly, Ms Steele sent an email to a chapter of The Oathkeepers in Florida at the suggestion of her brother[1].   Secondly, she subsequently receives an email forwarded from her brother regarding Oathkeepers. Thirdly, phone location records indicate possible location in the vicinity of the Capitol building on 6 January. Finally, she is alleged to have been "seen with other individuals" of interest. Even taking these allegations at face value, Ms Steele's alleged involvement does not rise to the level of being included in any planning or organising of any kind of joint scheme alleged of other co-defendants, or any active role whatsoever. In all, the government's allegations rise to no more than mere presence, in stark contrast to the other defendants, whose supposed involvements range from creation of the conspiracy, managing the conspiracy, actively participating in the running of the conspiracy, etc. None of this is

---

[1] Graydon Young is the brother of Ms Steele as well as a co-defendant.

attributed to Ms Steele. At no point is there any basis to believe or evidence suggesting that Ms Steele was in Washington DC or in the vicinity of Capitol Hill in any kind of "official" capacity for any of the discussed protest groups. The nature and circumstances showing Ms Steele's relative lack of involvement in the central activities of any conspiracy undermines the government's claim for necessary detention under this prong of analysis.

2.      <u>Weight of Evidence.</u>

The government's memorandum is lengthy when discussing the weight of the evidence in general, but a closer reading shows a focus on highlighting the general nature of the incident that took place on Capitol Hill on 6 January 2021 rather than addressing actual evidence specifically against Ms Steele. The actual supposed evidence against Ms Steele comes essentially from one individual who places Ms Steele at a Metro station with Mr Young, and evidence identifying Ms Steele as present in the vicinity of Capitol Hill during the events of 6 January 2021. In any event, in determining whether conditions of release can ensure the safety of others, "[t]he weight of the evidence is the least important of the factors and the bail statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121-22 (9th Cir. 1991) (citing *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986)); *accord United States v. Jones*, 566 F. Supp. 2d 288, 292 (D.NY 2008). The weight of the evidence against the accused is another factor to be considered at the detention hearing, *United States v. Apker*, 964 F.2d 742 (8th Cir. 1992), but it is the least significant factor, *United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990). In the words of one district court judge, to presume risk of flight from strong "evidence" of guilt would be "tantamount to a presumption of guilt." *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987). Again, Ms Steele would draw the Court's attention to the lack of any evidence showing Ms Steele took an official, organising, or active role in furthering any common scheme or plan of the collective.

3.      Defendant's History and Characteristics.

"[A] defendant's past conduct is important evidence—perhaps the most important—in predicting his probable future conduct." *Pope v. United States*, 739 A.2d 819, 827 (D.C.App. 1999) (quoting *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C.1991)). Laura Steele has no criminal history whatsoever[2]. There is nothing in Ms Steele's background and characteristics which form the basis of a legitimate argument for risk of flight.

4.      The nature and seriousness of the danger to any person or the community.

The Government bears the ultimate burden of establishing that no series of conditions is sufficient to negate the risk of the accused's flight or dangerousness—by a preponderance of the evidence in the case of flight and by clear and convincing evidence in the case of dangerousness. *United States v. English*, 929 F.3d 311, 319 (2d Cir. 2011); *see also Stone*, 608 F.3d at 946; *United States v. Bell*, 209 F. Supp. 3d 275, 277 (D.D.C. 2016) (*citing, United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987)); *United States v. Rodriguez*, 147 F. Supp. 3d 1278, 1286 (D. N.Mex. 2015); *United States v. Guerra-Hernandez*, 88 F. Supp. 3d 25, 26 (D.P.R. 2015). Clear and convincing evidence means proof that the defendant actually poses a danger to the community, not that a defendant "in theory" poses a danger. *United States v. Patriarca,* 948 F.2d 789 (1st Cir. 1991). Only when there is a "strong probability that a person will commit additional crimes if released" is the community interest in safety sufficiently compelling to overcome the criminal defendant's right to liberty. *Ploof*, 851 F.2d 7. *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988).

As discussed above, Ms Steele has no criminal history and, as will be outlined below, enjoys significant ties to her community. Any argument that the fourth §3142 factor for

---

[2] According to the pretrial report, Ms Steele has traffic violations of: Inspection violation, expired registration tag, and three speeding violations.

consideration, danger to the community, would form a basis for the detention of Ms Steele then merely repeats the initial assertion that it is the nature of the allegations here that presents to the court a continuing risk of danger to persons and the community. As addressed above, upon closer examination, the evidence against her may indicate her presence in the vicinity of the events of 6 January, but shows a remarkable absence of any allegation of an active conspiratorial role in the events that took place that day. Troubling as those events may be, the Court is presented with an individual who appears on the government's filing occupying a peripheral position. This obviates the contention that Ms Steele presents as a continuing danger to the community, does not rise to the level of concern contemplated by the statute, and the court should decline to find a reliant basis for detention.

Ms Steele's ties to her community and her personal background undermine any argument that she is a continued danger to anyone in any community. In fact, Ms Steele has possible the most extensive ties to a community experienced by counsel in some time. She has lived in the Thomasville, NC area for the past forty years. She is currently married to Kenneth Michael Steele. They have been married for twenty-six years. They have two sons; Jacob, aged twenty-four, and Seth, aged twenty-two. Mr Steele is a retired police chief with High Point Police Department, High Point, NC. Jacob is an active officer with the same department; Seth is about to join the same ranks. Ms Steele enjoys solid legitimate employment. She has worked at Novant Health as a public service officer since 2014. The fact that she has been regarded as an individual of trust in a position addressing the security of others speaks volumes both to her commitment to the wellbeing of her community and the assessment of her reputation by others concerned with public safety. Such is the standing of her character in this area that she was authorized to carry a firearm in the pursuit of her duties. Her status with her employer due to the existence of this case is in some question, and naturally a restriction to carry a firearm at work, or be in the vicinity of any firearm, by this court would be an entirely reasonable

condition of release, but this should not undermine the inescapable conclusion that Laura Steele is an upstanding, well-respected person in her community and far from a continued danger to the public.

### CONDITIONS OR COMBINATION OF CONDITIONS THAT WOULD ENSURE THE DEFENDANT'S COMPLIANCE WITH COURT-ORDERED RELEASE CONDITIONS.

The law is very clear. The presumption here is that the defendant will be released pending trial unless the government can prove by clear and convincing evidence that pretrial detention is the *only* means by which the community's safety can be assured, 18 U.S.C. § 3142(f)(2)(B); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996), or can prove by a preponderance of the evidence that no conditions of release can assure the defendant's appearance at future court hearings. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988); *United States v. Hassanshahi*, 989 F. Supp. 2d 110 (D.D.C. 2013). Even if the Court determines that personal recognizance or an unsecured bond will not reasonably assure appearance or will endanger any other person or the community, 18 U.S.C. §3142(c) still mandates release ("shall order the pretrial release") subject to certain specified conditions. The conditions, which must include that the person shall not violate any federal, state or local law, must be the least restrictive conditions necessary to reasonably assure the person's appearance and the community's safety. The provision that conditions "reasonably assure" appearance and safety does not require a guarantee of appearance or safety. *See United States v. O'Brien,* 895 F.2d 810 (1st Cir. 1990)*; United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950 (1986). It requires an "objectively reasonable" assurance of community safety and the defendant's appearance at trial. *Id.* Imposition of conditions of release must be supported by reasons why they are necessary to reasonably assure appearance or safety. *United States v. Spilotro*, 786 F.2d 808 (8th Cir. 1986).

The court has many options here to create conditions or a combination of conditions that would satisfy compliance. As discussed, Ms Steele has significant personal ties to her community. She has legitimate employment; she is well regarded in her community; she has a very close, very supportive nuclear family willing to provide her with the practical facilities to perform well on pretrial release. It has to be noted that she has significant ties to the law enforcement community in her place of domicile. All of this combined presents Laura Steele as an extremely good candidate to the Court for pretrial release consideration: one that the Court can feel confident in creating conditions of release.

Last, but by no means least, it should not go unnoticed by the Court that at the time of her original arrest, a pre-trial services report was created addressing the concerns of pre-trial detention. The report recommended her release. That report acknowledged the seriousness of the offenses charged here but found that certain restrictive conditions of release would offset any risk to the community.

WHEREFORE, for the reasons addressed above, Laura Steele requests that this court in reviewing a previous detention order, deny the government's request for pretrial detention in this matter, and release Ms Steele with whatever conditions of release the Court deems appropriate.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper,
Bar No. 478-082
Counsel for Laura Steele
400 Fifth Street, NW
Washington DC 20001

(202) 400.1434
pcooper@petercooperlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Consent Motion to Continue Status is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 18th day of March, 2021.

/s/ *Peter A. Cooper*
_____

Peter A. Cooper