UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.          ) | CASE NO. 1:21-cr-00028-7-APM |
| ) | |
| LAURA STEELE      ) | |
| _____ ) | |

**DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE**

Laura Steele, by and through undersigned counsel, respectfully moves this Court, pursuant to 18 U.S.C. §3142, to modify her conditions of release, currently a curfew with other special conditions, and releasing her on her own personal recognizance with those same conditions. In support of this Motion, counsel states:

1. Ms Steele is before the Court charged with six counts in the Superseding Indictments in this matter. On 24 March, 2021, the Court granted Ms Steele's bond motion and released her on home confinement at her residence with GPS monitoring.

2. On 20 September, 2021, this Court granted Ms Steele's Motion to Modify her conditions of release. In granting that request, this Court noted that Ms Steele had been in compliance with all her pretrial conditions, and that the reduction on conditions did not pose a threat to the community. The home confinement condition was removed and she was placed on a 7am to 9pm curfew with all other conditions to remain.

3. Counsel has contacted Ms Steele's pre-trial supervision officer, Mr John Campbell, for his position on revisiting Ms Steele's conditions of release. Mr Campbell writes: "

> "Ms. Steele has remained in compliance with all terms and conditions of her release. I would have no objections to the electronic monitoring condition of her supervision being removed."

4. Ms Steele requests this Court amend her conditions of release from the equivalent of High Intensity Supervision, specifically a curfew, and, allow her to be on her personal recognizance, again with the remaining specific conditions to remain . 18 U.S.C. 3142 (c)(1)(B) contemplates the imposition of:

> (L)east restrictive further condition, or combination of conditions, that the judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community...

At this juncture, the Release Order's condition of a curfew does not reflect the least restrictive condition. As noted in all Ms Steele's pre-trial status reports, she has not incurred a single violation of her conditions. The fact that she has been so perfect on release would suggest that the conditions as currently set constitute a level of supervision not necessary to address the Court's concerns. In fact, the condition of the curfew does nothing with respect to the Court's conditions of proscribing any contact with other individuals connected to the events underlying these matters or accessing the internet through the use of electronic devices, both of which we suggest are of greater import than her contemporaneous physical location, and both of which would be possible whether on curfew or not.

In similar circumstances, courts have viewed the 90-day mark as point at which review of conditions of release would be appropriate. At this juncture, we have passed the 12-month milestone since the Court previously amended Ms Steele's conditions. We submit that the time is again ripe to review Ms Steele's conditions of release.

For the above reasons, Laura Steele, through counsel, respectfully requests that this Court GRANT this Motion and amend the release order removing the specific condition of a curfew and imposing personal recognizance with the remaining conditions of her release in place.

Respectfully Submitted,

/s/ *Peter A. Cooper*
---

Peter A. Cooper, 478-082
Counsel for Laura Steele
400 Fifth Street, NW
Washington DC 20001

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion to Modify Conditions of Release is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 27th day of October, 2022.

/s/ *Peter A. Cooper*
---

Peter A. Cooper