UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-28-7 (APM) |
| | : | |
| LAURA STEELE | : | |
| | : | |
| _____ | : | |

## MOTION FOR NEW TRIAL

Laura Steele, through undersigned counsel and pursuant to Rule 33 of the Federal Rules of Criminal Procedure, respectfully moves this Honorable Court for a new trial on the grounds that the jury in this matter violated Ms Steele's Due Process rights by shifting the burden of proof to the defense. A hearing on this motion is respectfully requested. As grounds for this motion, Ms Steele relies upon the following points and authorities, any which may appear in supplemental pleadings which she reserves the right to file, and at the requested hearing on this motion.

In support of this motion, Ms Steele states as follows:

1. On 21 March 2023, Ms Steele was found guilty of counts 1, 2, 3, 5, 6, and 7 in the Superseding Indictment in this matter.

2. On 28 March, 2023, undersigned counsel was contacted by a reporter from Politico. In that email, the reported indicated that a juror in Ms Steele's trial had provided a lengthy interview to that organization. In that interview, the juror, in response to questions from the interviewer, stated that she believed the defense had an obligation to put on a defense case. This was in direct violation of the Court's jury instructions providing that the defense

has no burden of providing evidence to the jury, and underlying basic Due Process that the burden of proof never swings from the government at any point during trial.

**ARGUMENT**

1. **The Burden of Proof Never Shifts to the Defendant**.

It has been a long-standing cornerstone of American jurisprudence that in a criminal trial, a defendant has no obligation or burden of providing testimony or any evidence, or even providing a defense case relying on the premise that the burden always lies with, and only with the government.

> "The law clothes the accused with a presumption of innocence which he never loses until a verdict of conviction has been pronounced. He pleads nothing affirmatively, save in rare and exceptional instances, but by his plea of not guilty he puts upon the state the burden of establishing every fact necessary to constitute guilt. The changing phases of the evidence may make his case at various stages wear various aspects. At one moment it may seem that his guilt has been conclusively shown, and at the next it may appear to have been as conclusively negatived; but his own attitude never changes. To every fresh development and every new circumstance he repeats his plea of not guilty and in every new complication he rests upon his legal presumption of innocence.

Ezzard v United States 7 F.2d 808, 811 (8th Cir. 1925), quoting Cunningham v. State, 46 Miss. 269, 21 Am. Rep. 360.

The Fifth Amendment to the U.S. Constitution provides protections against compulsory self-incrimination, including the defendant's right not to testify against himself. Invoking this right, however, may come at a cost since jurors often "view this privilege as a shelter for wrongdoers ... [and] assume that those who invoke it are guilty of [the] crime." *Carter* , 450 U.S. at 302, 101 S.Ct. 1112 (quoting *Ullmann v. United States* , 350 U.S. 422, 426, 76 S.Ct. 497, 100 L.Ed. 511 (1956) ). Thus, in order to effectuate this protection, the U.S. Supreme Court has held that a trial court must instruct the jury that it cannot consider the defendant's refusal to testify in reaching a verdict — also known as a no-adverse-inference jury instruction—when requested to do so by the defendant. *Id.* at 300, 303, 101 S.Ct. 1112 ; *see also James v. Kentucky* , 466 U.S. 341, 350, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984). Importantly, the right to a no-adverse-inference jury instruction can be asserted in multiple ways and is not limited to "an arid ritual of meaningless form." *James* , 466 U.S. at 349, 104 S.Ct. 1830 (quoting *Staub v. City of Baxley* , 355 U.S. 313, 320, 78 S.Ct. 277, 2 L.Ed.2d 302 (1958) ).

Deleon v. People 449 P.3d 1135, 1138 (Colo. 2019).

"One of the rightful boasts of Western civilization is that the [prosecution] has the burden of establishing guilt solely on the basis of evidence produced in court and under circumstances assuring an accused all the safeguards of a fair procedure." *Irvin* v. *Dowd*, 366 U.S. 717, 729 (concurring opinion). Among these is the presumption of the defendant's innocence. *Sinclair* v. *United States*, 279 U.S., at 296-297; *Flaxer* v. *United States*, 358 U.S., at 151.

Deutch v. United States 367 U.S. 456, 471 (1961).

A criminal defendant, as distinguished from a civil defendant, cannot be compelled to produce evidence by the threat that a permissible inference will amount to a directed verdict.

United States v. Lake 482 F.2d 146, 148 (9th Cir. 1973)

Even where a defendant has asserted an affirmative defense, the Courts have been unanimous in providing that it is not the defendant's burden to prove that affirmative defense, but rather still the burden of the government to prove beyond a reasonable doubt that the affirmative defense is overcome.

"Thus, if you find beyond a reasonable doubt that the defendant did not engage in conduct which caused the animal extreme pain or which was not done or carried out in an especially depraved or sadistic manner, you must find the defendant not guilty." This charge impermissibly shifted the burden of proof by suggesting that defendant needed to prove his innocence beyond a reasonable doubt.

People v Facey 127 A.D.3d 1256, 1257 (N.Y. App. Div. 2015).

All of the seven United States Courts of Appeals that have considered the issue, including this Circuit, agree that in a federal prosecution the burden of persuasion of an alibi defense may not be shifted to the defendant. United States v. Vigorito, 67 F.2d 329, 330 (2 Cir. 1933) (dictum); United States v. Marcus, 166 F.2d 497, 503-504 (3 Cir. 1948); Falgout v. United States, 279 F. 513, 515, 29 A.L.R. 1115 (5 Cir. 1922); Cangelosi v. United States, 19 F.2d 923 (6 Cir. 1927); Glover v. United States, 147 F. 426, 430-433 (8 Cir. 1906); Thomas v. United States, 213 F.2d 30, 32-34 (9 Cir. 1954); Reavis v. United States, 93 F.2d 307, 308 (10 Cir. 1937).

Stump v. Bennett 398 F.2d 111, 114 (8th Cir. 1968)

In fact, no Court has ever found there is an exception to the Due Process rights of a defendant that the burden of proof, in a criminal trial, ever shifts to that defendant. Any shifting of the burden to that defendant constitutes an egregious violation of the defendant's Fifth Amendment

Right to Due Process under the law. In dealing with the issue of preventing such Due Process violations, as seen above, the Courts have discussed at length that it is the trial court that provides the primary guardrails to ensure a defendant's rights are violated in such a manner.

2. **Federal Rule of Criminal Procedure Rule 33**.

FRCR 33[1] provides a mechanism for a trial court to act where a violation of Due Process has occurred at the trial level.

Rule 33(a) provides:

(a) **Defendant's Motion**. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the ***interest of justice*** so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

(b) **Time to File**.
(1) *Newly Discovered Evidence*. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
(2) *Other Grounds*. Any motion for a new trial grounded ***on any reason*** other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

(Emphasis Added)

There can be no question that a violation of a defendant's Fifth Amendment right to Due Process of Law qualifies as something affecting the interests of justice. R33(a) clearly provides the trial court with the authority to order a new trial should it find the interest of justice requires such.

---

[1] This Circuit has previously held that "Rule 33 clearly authorizes motions for extensions of time to file new trial motions." *United States v. Hall*, 370 F.3d 1204, 1206 (D.C. Cir. 2004). As the Circuit recognized, the allotted time for filing a new trial motion "may not always be 'adequate time to make a well-supported motion for a new trial' which is why Rule 33 'affords judges great flexibility to set a new date.'" *Hall*, 370 F.3d at 1206 (quoting *United States v. Marquez*, 351 U.S. App. D.C. 373, 291 F.3d 23, 28 (D.C. Cir. 2002). Finally, the commentary to the Rule provides that "Rule 33(b)(2) requires the defendant to move for a new trial within [fourteen] days after the verdict . . . *or within some other time set by the court* in an order issued during that same [fourteen]-day period." *See* Fed. R. Crim. P. 33(b)(2) advisory committee's note to 2005 amendment. The Court granted such and extension to Ms Steele.

3. **The Jury Ignored the Court's Instruction as to Burden of Proof**.

In its jury instructions, the Court provided the usual Red Book instruction.

**Burden of Proof – Presumption of Innocence**

> Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he or she is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his or her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him or her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

ECF 916, page 2.

The Court acted properly in issuing such instruction. However, it has since come to light that during deliberations that instruction was ignored. On 28 March, 2023, undersigned counsel was contacted by a reporter from Politico. In that email, the reported indicated that a juror in Ms Steele's trial had provided a lengthy interview to that organization, and provided a recording of that interview. Specifically, during that interview, the following dialogue took place between the juror and the interviewer.[2]

> Interviewer: At what point in this trial that went on…
>
> Juror: Forever…
>
> Interviewer: …for, I mean like the whole package was six weeks, from the selection of the jury to the, to the deliberation, what, at what point had you made up your mind about most of them?

---

[2] The full interview is approximately 1 hour 50 minutes long. The relevant portion here runs from 1 hour 4 minutes and 2 seconds (1:04:02) to 1 hour 5 minutes and 52 seconds (1:05:52).

Juror: Uhm, you really couldn't until the def... Y'know, the prosecution case was the majority of our time. You really couldn't until you heard the defense put on a case, if they put on a case. You needed to hear the other side of it.

Interviewer: Explain what, what the prosecution's all about; and why they put on a, a, a much more sp.. a, a much longer case than the, defense.

Juror: The prosecution's job is to prove that a crime was committed, to prove that these defendants are guilty. It is not the defendant or the defense's job to prove that they're innocent. The prosecutor has to tell you why they're in trial, why were they charged: What is their case? In a case like this, they had probably at least 600 pieces of evidence like I was saying, videos, still pictures, texts, tweets, chats, Facebook, I mean there was so much information; a list of phone calls, the log of all the phone calls you made over a day. I mean they had all this stuff and they're trying to build as strong a case as possible, it's their witnesses they bring and the defense can cross-examine their witnesses. And so the prosecution case is usually I think, the majority of the time you're in trial. So of course, as its building and building and building and building you think, oh my God these people are guilty but you don't know what the other side of it. You have to hear the other side. You have to hear, y'know, something that's gonna sway you. Or, you have, you have to keep an open mind.

Two portions of this dialogue are instructive here with respect to the juror's opinion of the burden of proof. In response to the interviewer's initial question, the juror responds that, "(Y)ou really couldn't *until you heard the defense put on a case*", followed by, "(Y)ou *needed* to hear the other side." When pushed on this by the interviewer, the juror, in her next response, indicates that she fully understands the instruction given by the Court in that she cites it is "not the defendant's or defense's job to prove that they're innocent." However, she completely undermines this statement by doubling down with:

> "So of course, as its building and building and building and building you think, **oh my God these people are guilty but you don't know what the other side** of it. You have to hear the other side. **You have to hear, y'know, something that's gonna sway you**. Or, you have, you have to keep an open mind."

This description of the juror's thought process in deliberations, despite the Court's unequivocal instructions to the opposite is a clear display of the juror ignoring Ms Steele's Due Process rights. The juror's words are unambiguous and unequivocal. This is doubly troubling in a situation in which Ms Steele elected not to put on a defense case.

## CONCLUSION

The law is clear here. The burden of proof shifted to the defendant is a clear Due Process violation. The trial court constitutes the primary enforcer of providing Due Process takes place, primarily through jury instructions. However, Fed. Rule. Crim. Pro. 33(a) provides the trial court with the authority and mechanism to address matters concerning the interest of justice including a Due Process violation, post-trial. There can be no question that the denial of Due Process would be of extreme concern to the interests of justice. There can also be no question the juror here shifted the burden to the defense. Ms Steele asserts this shifting of the burden violated her Due Process Rights, and the appropriate remedy is to vacate the verdict and order a new trial.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for Laura Steele

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion for New Trial is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record and co-defendants, this 17th day of May, 2023.

/s/ *Peter A. Cooper*

Peter A. Cooper