UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-21-cr-28-7 (APM) |
| | : | |
| LAURA STEELE | : | |
| | : | |
| _____ | : | |

## MOTION FOR CONTINUED RELEASE FROM CUSTODY PENDING APPEAL

Laura Steele, through counsel, hereby moves this Honorable Court, pursuant to 18 U.S.C. Sec. 1343(b) to allow her to remain on current conditions of release pending appeal. In support of this Motion, Ms Steele states:

Following a jury trial in February and March of 2023, Laura Steele was found guilty on counts 1, 2, 3, 4, 5, 7, and 8 of the Eighth Superseding Indictment. On 15 September, 2023, the Court sentenced Ms Steele to twelve (12) months and one (1) day incarceration each on each count, running concurrently, followed by thirty-six (36) months supervised release on counts 1, 2, 3, 4, 7, and 8, and twelve (12) months supervised release on count 5. Ms Steele was allowed to return home and self-surrender upon designation by the Bureau of Prisons.

Ms Steele is requesting the Court allow her to remain released from custody pending her appeal of her conviction as contemplated by 18 U.S.C. §3143.

Section 3143(b)(1) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
>> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

Between the date of her initial appearance in this matter, up to and through trial, and continuing on up through sentencing, Ms Steele was released on terms and conditions of pretrial release. There were no reported violations by Ms Steele of the terms and conditions of her pre-trial release and in fact, as she proved to be blemishless on release, the Court periodically eased her conditions such that by the time the case came to trial, Ms Steele was effectively on her personal recognizance. Ms Steele was present (via videoconference) for all of the numerous pretrial hearings and was personally present in court for her trial for six weeks having travelled from North Carolina to attend. Following the return of the verdict at trial, the Court allowed Ms Steele to remain released pending sentencing pursuant to 18 U.S.C. Sec. 3143(a), with no change in conditions. During the period between verdict and her sentencing, there were no reported violations by Ms Steele of any condition of release.

Based on that record, there is no factual basis to determine that Ms Steele is more of a flight risk or danger to the community now than she was on the date of the verdict. Given that the custodial sentence of twelve months and one day imposed is much less than the sentencing range

recommended under the Sentencing Guidelines, Ms Steele is less of a flight risk now than she might have been considered to be following the verdict, the final PSR, and the Government's sentencing request.

Ms Steele's request fits within the statutory factors that justify granting this motion. The issues before the courts in interpreting the language of the statutes in these matters with respect to alleged conduct of defendants is novel and has been given little if any guidance by the Appellate branch. "Substantial questions of law and fact" will be at issue on appeal; specifically involving issues of statutory construction and interpretation, including definitions of both individual words in the statute as well as "terms of art" as they were used by the drafters of these statutes. These questions, along with others will be subject to *de novo* review on appeal.

CONCLUSION

Based on the foregoing, Laura Steele requests the Court enter an Order that she remain released from custody on terms reflecting her current release conditions, in accordance with 18 U.S.C. Sec. 3143(b) pending the filing of her appeal and a decision by the DC Circuit Court of Appeals on the issues raised.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for Laura Steele

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Motion for Continued Release from Custody Pending Appeal is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 28th day of October, 2023.

/s/ *Peter A. Cooper*
_____
Peter A. Cooper