**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **Criminal No. 21-cr-28 (APM)** |
| ) | |
| **LAURA STEELE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Defendant Laura Steele seeks to remain on release pending appeal. *See* Mot. for Continued Release from Custody Pending Appeal, ECF No. 1078 [hereinafter Def.'s Mot.]. As explained below, the motion is denied.

Section 3143(b) of Title 18 provides that a trial court "shall" detain a person found guilty of an offense and sentenced to a term of imprisonment pending appeal, unless it finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" favorable relief. 18 U.S.C. § 3143(b)(1). A "substantial question" is one that is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Favorable relief includes reversal, a new trial, a sentence that does not include a term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 1343(b)(1)(B)(i)–(iv).

Defendant fails to identify any "substantial question of law or fact" that, in her view, will present a "close question" on appeal. She writes in her motion:

> The issues before the court[] in interpreting the language of the statutes in these matters with respect to alleged conduct of defendants is novel and has been given little if any guidance by the Appellate branch. "Substantial questions of law and fact" will be at issue on appeal; specifically involving issues of statutory construction and interpretation, including definitions of both individual words in the statute as well as "terms of art" as they were used by the drafters of these statutes. These questions, along with others will be subject to *de novo* review on appeal.

Def.'s Mot. at 3 (emphasis in original). The court made a number of rulings involving "statutory construction and interpretation" during these proceedings. It is unclear from Defendant's vague description which of them she intends to raise on appeal.

Defendant's reply brief identifies a wholly different issue for the first time: the "jury shifting the burden of proof, and consequently violating 5th and 6th Amendment trial rights." Def.'s Reply to Gov't Opp'n to Def.'s Mot., ECF No. 1093, at 1. Presumably, this refers to Defendant's contention in her Motion for New Trial that a single juror's post-trial interview demonstrated that the entire jury had ignored the court's instructions regarding the burden of proof. *See* Def.'s Mot. for New Trial, ECF No. 931, at 5–8. Defendant does not, however, even attempt to articulate why the court's reasons for rejecting her argument will raise a "close question" on appeal. As the court explained at the hearing held on August 29, 2023, (1) Federal Rule of Evidence 606(b) bars consideration of the juror's post-trial interview to upset the verdicts, and (2) the D.C. Circuit's decision in *United States v. Campbell* forecloses the requested relief, *see* 684 F.2d 141, 151 (D.C. Cir. 1982) ("Ordinarily, a verdict will not be upset on the basis of a juror's post-trial report of what occurred in the course of deliberations."). *See* Hr'g Tr., Aug. 29, 2023, at 24–32; *see also United States v. Davis*, 612 F. Supp. 2d 48, 54 (D.D.C. 2009) ("[Defendant's] allegation that a juror expressed confusion about the conspiracy instructions

warrants neither an evidentiary hearing nor a new trial as it is wholly unsupported and Rule 606(b) bars inquiry into the jurors' mental impressions during deliberations."), *aff'd,* 377 F. App'x 19 (D.C. Cir. 2010).

Having failed to raise a "substantial question of law or fact," Defendant's Motion for Continued Release from Custody Pending Appeal, ECF No. 1078, is denied.

Dated: November 13, 2023

Amit P. Mehta
United States District Court Judge